UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                                              Chapter 13
Michael C. Thongta,                                                    Case No. 07-21837-svk
          Debtor.

**Memorandum Decision on Debtor's Motion for
Determination of Violations of 11 U.S.C. §§ 362 and 1301**

This case involves the interrelation of marital property law, the automatic stay, and a creditor's collection activities against a non-filing spouse. Michael Thongta (the "Debtor") filed a case under Chapter 13 of the Bankruptcy Code on March 20, 2007. The Debtor is married, but his wife, Helen Thongta (referred to herein as the "non-filing spouse") did not join in the Debtor's bankruptcy petition. The non-filing spouse was involved in a car accident in May 2006, which created potential tort liability. In his bankruptcy schedules, the Debtor listed a claim related to this accident in the name of AFNI Insurance Services, an agent or affiliate of American Family Mutual Insurance Company ("American Family").

After confirmation of the Debtor's Chapter 13 plan, American Family, by its attorneys, Deutch and Weiss, LLC sued the Debtor's non-filing spouse in small claims court for damages arising from the automobile accident. The Debtor was not named as a party in the suit. A few weeks later, the Debtor's attorney notified American Family's lawyer by facsimile that the action against the non-filing spouse was stayed by the co-debtor stay of Bankruptcy Code § 1301. American Family's attorney responded with a letter disputing the Debtor's contention, stating that the Debtor was not responsible for the tort actions of the non-filing spouse, and the co-debtor stay did not apply. He also cited Wis. Stat. § 766.55(2)(cm) for the proposition that a tort creditor can collect from property of the non-filing spouse that is not marital property, and argued that the automatic stay applies only to actions to collect from marital property. Although its attorney stated that American Family had not secured a judgment against the non-filing spouse, the Debtor's exhibits show that American Family obtained a judgment in October 2008, and docketed the judgment in December 2008.

On January 21, 2009, the Debtor filed a Motion for Sanctions based on American Family's alleged violations of Bankruptcy Code §§ 362 and 1301 in pursuing the action against the Debtor's non-filing spouse and docketing the judgment. The Debtor sent a notice of hearing on the Motion by certified mail to American Family Insurance and Deutch and Weiss. The Debtor's initial hearing notice stated the incorrect time and courtroom for the hearing, and the Debtor sent an amended notice by first class mail. No response to the Motion was filed, and no representative of American Family or Deutch and Weiss appeared at the hearing. Although the Court would have preferred to consider American Family's arguments in response to the Motion for Sanctions, American Family apparently had adequate notice of the opportunity to be heard and chose not to participate.

The Debtor first argues that American Family's suit was stayed by the co-debtor stay of Bankruptcy Code § 1301. This section enjoins a creditor from taking legal action to "collect all

or part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor." The Debtor's basic premise is that the tort claim against his non-filing spouse is a "consumer debt" because it was incurred "in the interest of marriage or family" under Wisconsin law. *See* Wis. Stat. § 766.55. However, for purposes of the co-debtor stay, the Bankruptcy Code, not Wisconsin law, defines consumer debt. Under § 101(8) of the Code, a consumer debt is one incurred for "personal, family, or household purposes." As the court in *In re Marshalek* stated, debts on account of motor vehicle accidents are not consumer debts. 158 B.R. 704 (Bankr. N.D. Ohio 1993) ("a judgment resulting from a vehicular accident, *per se*, is not a "consumer debt," as that term is defined under the Code"); *see also In re Westberry*, 215 F.3d 589 (6th Cir. 2000) (distinguishing between consumer debts and other debts, including those for taxes). Although a debt arising out of a car accident may be a personal debt as opposed to a business debt, and in that sense may fit within the classification of consumer debt, this debt does not appear to fall within the statutory definition in the Bankruptcy Code.

Even assuming for the sake of argument that the debt is a consumer debt, there is another problem with the Debtor's analysis. Section 1301(a) provides that for the co-debtor stay to apply, the debt must be a consumer debt "of the debtor." Here, the Debtor is not the one who incurred the debt; the debt is the debt of the non-filing spouse. Under Wisconsin law, a tort claim against an individual spouse is an exception to the presumption that a debt is incurred in the "interest of marriage or family." *See* Wis. Stat. § 766.55(2)(cm); *Curda-Derickson v. Derickson*, 266 Wis. 2d 453, 668 N.W.2d 736 (Ct. App. 2003) (tort obligation is excepted from "family purpose" presumption; exception protects innocent spouse from liability). A debt can be a "community claim" as defined by the Bankruptcy Code, but not be a debt "of the debtor." *See In re Pfalzgraf,* 236 B.R. 390 (Bankr. E.D. Wis. 1999) (claim for child support of child of non-filing spouse was community claim because hypothetical marital property could be used to satisfy it, but such claim was not a claim of a child of the debtor, and therefore not entitled to priority). Accordingly, even if the debt at issue here could be shoe-horned into the definition of consumer debt, it is not the Debtor's consumer debt, and the co-debtor stay does not apply.

However, Bankruptcy Code § 362 stays "any act to create, perfect, or enforce any lien against property of the estate." 11 U.S.C. § 362(a)(4). The Debtor argues that American Family violated the stay by docketing the judgment against real property co-owned by the Debtor and his non-filing spouse, as that property is property of his bankruptcy estate. Even where marital property issues do not complicate the landscape, defining property of a Chapter 13 bankruptcy estate can be a thorny issue. *See In re Wetzel*, 381 B.R. 247 (Bankr. E.D. Wis. 2008) (noting several theories for defining property of the post-confirmation Chapter 13 estate, and holding debtors' post-confirmation inheritance and business income were property of the estate).

To determine whether American Family's judgment was docketed against property of the estate, we should first consult the plan and confirmation order, because Bankruptcy Code § 1327(b) states that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor." In this case, the confirmation order provides that:

> Property of the estate shall revest in the debtor(s) upon discharge, conversion, dismissal or other Order of the Court. That during the pendency of the plan confirmed herein, all property of the estate, as defined in § 1306(a) of Title 11 of

>  the United States Code, shall remain under the exclusive jurisdiction of the Court, and the debtor(s) shall not [sell or dispose of property except where the Court or trustee give consent].

Based upon this language, since the Debtor has not been discharged, and the case has not been converted or dismissed, the property that was property of the Debtor's estate when he filed his Chapter 13 petition remains part of the estate, and has not yet revested in the Debtor. The real property at issue was listed in the Debtor's schedules, and was arguably part of the bankruptcy estate when the petition was filed.

The next question is whether the nature of the claim as a tort claim against the non-filing spouse serves to remove the property (or perhaps the non-filing spouse's interest in the property) from the bankruptcy estate. American Family's attorney seemed to believe that property of the estate was not involved, since a tort claim can be satisfied only from the non-filing spouse's individual property and from the non-filing spouse's interest in marital property. However, the Bankruptcy Code defines property of the estate to include:

> All interests of the debtor *and the debtor's spouse* in community property as of the commencement of the case that is (A) under the sole, equal or joint management and control of the debtor; or (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

11 U.S.C. § 541(a)(2) (emphasis supplied). The Debtor filed a deed showing that he and his non-filing spouse acquired the real property in 2006, and both are listed as owners of the property. The deed reflects that they were married at the time they acquired the property, and therefore the property is presumed to be marital property under Wisconsin law. *See* Wis. Stat. § 766.31. Although the tort claim against the non-filing spouse may not constitute an allowed claim against the Debtor, the Debtor has sole, equal or joint management and control of the community property, and therefore, under Code § 541(a)(2), both the Debtor's interest and the non-filing spouse's interest in the real property are property of the bankruptcy estate. *See In re Xiong*, 2006 Bankr. LEXIS 717 (Bankr. E.D. Wis. May 3, 2006) (both debtor's and non-filing spouse's interest in marital property entered the bankruptcy estate). Importantly, the whole property interest is property of the bankruptcy estate – not merely the Debtor's undivided one-half interest. *In re Passmore*, 156 B.R. 595 (Bankr. E.D. Wis. 1993).

Since both the Debtor's and the non-filing spouse's interest in the real property are property of the bankruptcy estate, the docketing of the judgment, which created a lien on the property under Wis. Stat. § 806.15(a), violated the automatic stay of Bankruptcy Code § 362(a)(4). Acts in violation of the automatic stay are void. *Peterson v. Berg (In re Berg)*, 387 B.R. 524 (Bankr. N.D. Ill. 2008) (citing *Middle Tenn. News Co. v. Charnel of Cincinnati, Inc.*, 250 F.3d 1077 (7th Cir. 2001)).

In summary, to collect on its tort claim against the non-filing spouse, American Family could sue her (as long as it did not name the debtor in the suit) and obtain a judgment against her without fear of violating the automatic stay of § 362 or the co-debtor stay of § 1301. American Family could even pursue and realize on the non-filing spouse's individual property, if she has

3

any. *See In re Moore,* 318 B.R. 679 (Bankr. W.D. Wis. 2004) (creditor did not violate stay by seeking supplemental examination of non-filing spouse to determine whether she had any non-marital property). However, American Family's docketing of the judgment against marital property that was part of a bankruptcy estate went one step too far. Before creating or perfecting a lien on property of the bankruptcy estate, American Family should have sought relief from the automatic stay.

Section 362(k)(1) of the Bankruptcy Code provides that an individual injured by a willful violation of the automatic stay shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

> The standard for what constitutes a willful violation of the automatic stay is well established. A willful violation of the stay does not require specific intent to violate the stay. A party can be subject to liability under § 362(k)(1) if it engages in conduct which violates the automatic stay, with knowledge that a bankruptcy petition has been filed. In determining whether a stay violation was willful, it is irrelevant whether the party believed in good faith that it had a right to the property at issue. Not even a good faith mistake of law or a legitimate dispute as to legal rights relieve a willful violator of the consequences of its act.

SUSAN V. KELLEY, *Ginsberg & Martin on Bankruptcy,* § 3.01B (5th ed. 2008). BAPCPA added a special notice provision in § 342(g) stating that a monetary penalty may not be imposed for a stay violation unless the conduct that is the basis of the stay violation occurred after the creditor received effective notice under § 342 or the notice was ''brought to the attention'' of the creditor. *Id.*

It is appears that American Family knew that a bankruptcy petition had been filed because AFNI was listed as a creditor in the Bankruptcy Schedules. In addition, by sending the facsimile to American Family's attorney, the Debtor's attorney effectively brought the potential stay violation to American Family's attention. Accordingly, the Court will enter a separate Order determining that American Family's judgment lien is void, and awarding the Debtor his costs and attorneys' fees incurred as a result of American Family's conduct. The Debtor's attorney should file a statement of those costs and fees within ten days of the date of this decision. Although the Debtor requested an award of punitive damages, given the complex nature of the issues and the fact that American Family's attorney corresponded with the Debtor regarding his good faith interpretation of the law, the Court does not believe punitive damages are appropriate in this case.

Dated: March 24, 2009

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

4