UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                              Chapter 13
Michael C. Thongta,                                                Case No. 07-21837-svk
            Debtor.

**Memorandum Decision and Order on American Family's
Motion for Declaration with Respect to 11 U.S.C. § 362**

Does a creditor's request to the Wisconsin Department of Transportation ("DOT") to suspend the driver's license of the debtor's non-filing spouse violate the automatic stay? Michael Thongta (the "Debtor") filed a case under Chapter 13 of the Bankruptcy Code on March 20, 2007. His wife, Helen Thongta, did not join in the Debtor's bankruptcy petition, and she is referred to in bankruptcy parlance as a "non-filing spouse." Mrs. Thongta was involved in a car accident in May 2006, which prompted American Family Mutual Insurance Company ("American Family") to sue and obtain a judgment against her. This Court previously ruled that American Family did not violate the automatic stay of § 362 or the co-debtor stay of § 1301 by filing suit or obtaining a judgment against the Debtor's non-filing spouse, but held that the docketing of that judgment, which created a lien on bankruptcy estate property, ran afoul of the stay. *In re Thongta*, 401 B.R. 363 (Bankr. E.D. Wis. 2009).

Following the Court's determination, American Family filed the present Motion for a declaration that it will not violate the automatic stay by requesting that the DOT suspend Helen Thongta's driver's license based on the unsatisfied judgment. *See* Wis. Stat. §§ 344.05, 344.25 and 344.26. As a preliminary matter, the Debtor argues that American Family cannot obtain this type of declaration by motion, and instead should have filed an adversary complaint. Bankruptcy Rule 7001 requires an adversary proceeding only in specified circumstances; a party may otherwise raise a matter by motion. *See* Fed. R. Bankr. P. 9014(a). Rule 7001(9) states that a declaratory judgment relating to any of the other provisions of Rule 7001 is an adversary proceeding. But none of the proceedings specified in Rule 7001 describes the relief sought in the instant Motion. The closest fit is Rule 7001(1) — "a proceeding to recover money or property." While American Family obviously wants to recover on its judgment, its request for a declaration that the stay does not apply to the act of requesting the transmittal of the judgment to the DOT does not constitute the recovery of money or property, and consequently does not fall under the purview of Rule 7001. A proceeding for relief from the automatic stay is brought by motion, not complaint. *See* Fed. R. Bankr. P. 4001, 9013. It follows logically that a proceeding for a declaration that the stay does not apply should also be a contested matter, not a full blown adversary proceeding. The Debtor concedes that the present issue relates to protections of the automatic stay, and the Court concludes that this matter is appropriately a contested matter, not an adversary proceeding.

Turning to the substantive issue, § 344.05(1) of the Wisconsin Statutes provides that upon a judgment creditor's request, the clerk of court where the judgment was obtained shall forward a certified copy of the judgment to the DOT. Upon its receipt of the judgment, the DOT is required to suspend the judgment debtor's motor vehicle operating privileges, with certain

exceptions, until the judgment is stayed, satisfied or discharged. Wis. Stat. §§ 344.25, 344.26. These so-called "financial responsibility" provisions are designed to ensure that individuals who have shown an inability to reimburse other motorists for negligent vehicle operation are not on the road causing additional harm. *See Classified Ins. Co., Inc. v. Budget Rent-a-Car of Wis., Inc.*, 186 Wis. 2d 478, 484, 521 N.W.2d 177, 179 (Ct. App. 1994). The statutes also create an incentive for an individual to pay the judgment, as the satisfaction of the judgment allows the DOT to reinstate the individual's license. *See* Wis. Stat. § 344.09. American Family wants to ask the clerk of court to transmit the judgment, initiating this process. Out of caution due to the previous dispute, and in deference to the language of the statute that the license is suspended unless the judgment is "stayed," American Family has first sought a ruling from this Court regarding the applicability of the automatic stay.

The Debtor contends that American Family would be violating the automatic stay if it attempted to cause the suspension of his non-filing spouse's license. The Debtor argues that because the judgment against the non-filing spouse is a "community claim," by requesting the clerk to transmit the judgment to the DOT in order to suspend the non-filing spouse's license, the action effectively exercises control over estate property. The Debtor further asserts that American Family's community claim will be subject to the "phantom discharge" of Code § 524, and American Family's actions are contrary to Chapter 13's underlying policy of protecting a debtor from collection of claims during a proceeding. Even if American Family's claim is a community claim, and the underlying debt is subject to the phantom discharge, the Court cannot conclude that American Family's proposed request violates the automatic stay.

With its shield against judicial and administrative collection actions, the automatic stay undoubtedly would provide protection if the debt at issue was the Debtor's and not that of his non-filing spouse. 11 U.S.C. § 362(a); *see, e.g., Phillips v. City of South Bend (In re Phillips)*, 368 B.R. 733 (Bankr. N.D. Ind. 2007) (explaining the broad protections of the automatic stay, but noting the police power exception in § 362(b)(4) for government actions). Absent stay relief, American Family could not sue the Debtor based on the pre-petition debt and could not seek to collect the debt by causing the judgment against the Debtor to be transmitted to DOT.

In contrast, the debt here is that of the Debtor's non-filing spouse, who does not receive the protection of the automatic stay as to her personal liability. Under Wisconsin law, "debts created by the torts of only one spouse are an exception from those debts incurred in the interest of the family." *Curda-Derickson v. Derickson*, 266 Wis. 2d 453, 468, 668 N.W.2d 736, 743 (Ct. App. 2003); *see* Wis. Stat. § 766.55(2)(cm). In this case, the debt to American Family is the individual debt of the incurring spouse. Accordingly, as noted in the Court's previous decision, the co-debtor stay of § 1301 does not serve to stay enforcement of the debt because it is not a debt "of the debtor." *See* 11 U.S.C. § 1301; *Thongta*, 401 B.R. at 366. Additionally, the automatic stay does not protect the non-filing spouse from a creditor's collection activities. *In re Moore*, 318 B.R. 679 (Bankr. W.D. Wis. 2004). Therefore, American Family and the DOT may sue the non-filing spouse, seek administrative remedies, and attempt to collect from the non-filing spouse's individual property.

The Debtor correctly states that the tort debt at issue is a community claim because the claim can potentially be satisfied from the incurring spouse's individual property *and* from

marital property in the bankruptcy estate, but that does not mean that the non-filing spouse's liability will be discharged in the Debtor's bankruptcy:

> The injunction under § 524(a)(1) and (2) prevents creditors from attempting to establish or to collect on account of personal liability of a debtor for prepetition dischargeable debts, and the [creditor has] not attempted to violate these prohibitions. Section 524(a)(3) protects after-acquired community property from recovery for community claims incurred by either spouse, but it is not a discharge of personal liability for the nonfiling spouse.

*In re Schmiedel*, 236 B.R. 393, 398 (Bankr. E.D. Wis. 1999). As Judge McGarity explained in *Schmiedel*, the Debtor's non-filing spouse remains personally liable (and no stay protects her from collection efforts during the Debtor's bankruptcy case) for the tort debt even assuming the Debtor receives a discharge. *Id*. Importantly, the phantom discharge only protects after-acquired community property from collection efforts. The Debtor's non-filing spouse will remain personally liable, and her individual property is, and will continue to be, available to satisfy the judgment. As to her individual liability and individual property, the underlying debt to American Family is neither stayed nor discharged.

Since American Family is unfettered by the stay from collection efforts against the non-filing spouse and her individual property, the Debtor's assertion that seeking to suspend her license is a disguised act to collect the debt is unavailing. In the same vein, the recent Seventh Circuit case on which the Debtor relies, *In re Kuehn*, 563 F.3d 289 (7th Cir. 2009), is inapplicable. In *Kuehn*, which involved the debtor's own transcript and own pre-petition debt, the Court of Appeals held that an educational institution's failure to deliver the Debtor's transcript, despite her payment of the required fee, was a disguised act to collect a pre-petition debt to the institution. *Id*. at 292. Because the stay does not protect the non-filing spouse from collection activities against her individual property, *Kuehn's* holding has no bearing here. The stay does not prohibit American Family from attempting to collect the debt by utilizing the state statute to collect the debt from the non-filing spouse, even if the "coercive" nature of the action is similar to the creditor's retention of the transcript in *Kuehn*.

Section 362(a)(3) does protect the Debtor and his non-filing spouse from American Family's attempts to control or take possession of property of the bankruptcy estate. *See Thongta,* 401 B.R. at 367. The Debtor argues that if Helen Thongta's driver's license is suspended, she will have difficulty getting to work to earn wages that will become estate property available to fund the Debtor's Chapter 13 plan. In other words, the Debtor contends that a license suspension could adversely affect the non-filing spouse's earning power, indirectly resulting in a reduction in estate property.

While it is true that the non-filing spouse's wages — once earned — will become estate property, it does not follow that the suspension of her license is an act to obtain possession of property of the bankruptcy estate. If American Family were trying to garnish the non-filing spouse's wages, this action would certainly implicate estate property. In contrast, a suspended license does not necessarily mean that an individual's wages will decrease. Individuals have numerous transportation options to travel to work. The Debtor has not directed the Court to any authority suggesting that a non-filing spouse's driver's license is property of the estate, or that

3

the suspension of such a license under a financial responsibility statute is an indirect exercise of control over estate property. Although the phrase "exercise control" has been described as an "elusive" and "imprecise" statutory term, courts require direct action relative to estate property, not indirect action that may or may not impact estate property. *See In re Allentown Ambassadors, Inc.*, 361 B.R. 422, 438 (Bankr. E.D. Pa. 2007); *In re Nat'l Cattle Cong.*, 179 B.R. 588, 592 (Bankr. N.D. Iowa 1995) ("The court must determine if an act has occurred which directly conflicts with court control over property of the estate").

The Debtor asserts that because the only property that his non-filing spouse has available to pay the judgment is property of the estate, there is the requisite nexus between the suspension of her license and property of the estate. Ignoring the fact that the Court has no record on which to base such a finding, it simply does not matter whether the non-filing spouse has individual property to satisfy the debt. If the non-filing spouse had chosen to file a petition, her individual property would be property of the estate, and the automatic stay would protect her from creditors' actions (arguably including attempts to suspend her driver's license). The fact that she has not done so highlights the protections afforded by the Bankruptcy Code. Because she has not filed a petition, the protection of the automatic stay is limited to shielding her from actions against property of the estate, and American Family's request for a transmittal of the judgment to DOT simply does not have a sufficient direct impact on property of the estate to violate § 362(a)(3).

IT IS THEREFORE ORDERED: the Court determines that American Family's request to transmit the judgment against the non-filing-spouse to the Department of Transportation would not violate the automatic stay.

Dated: June 5, 2009

By the Court:

Susan V. Kelley
U.S. Bankruptcy Judge