UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re                                                            Chapter 13
Michael C. Thongta,                                              Case No. 07-21837-svk
          Debtor.

**MEMORANDUM DECISION ON OBJECTION OF U.S. BANK, N.A.
TO NOTICE OF FINAL CURE PAYMENT**

This case involves the application of the new Chapter 13 notice provisions of Bankruptcy Rule 3002.1. Michael C. Thongta (the "Debtor") filed a Chapter 13 petition on March 20, 2007. At the time of filing, the Debtor owned a residence located at 4926 North 90th Street, Milwaukee, Wisconsin, encumbered by a mortgage held by Homecomings Financial (now U.S. Bank, N.A., as Trustee for RASC 2006KS5) (the "Creditor"). The mortgage was in default, and in his Chapter 13 plan, the Debtor proposed to cure the pre-petition defaults and maintain post-petition mortgage payments. (This is known as a "cure and maintain" plan in Chapter 13 parlance.)

When the Debtor defaulted on the post-petition mortgage payments, the Creditor requested relief from the automatic stay. *See* 11 U.S.C. § 362. On January 21, 2011, after a failed attempt to cure the defaults, the Court entered an Order granting the Creditor's Motion. In addition to terminating the stay and enabling the Creditor to continue with foreclosure proceedings in state court, the Order states: "[A]ny and all claims filed by or on behalf of the [Creditor] are hereby deemed withdrawn and the trustee need not make any further disbursements thereon."

The Debtor completed all payments under the plan in July 2012, and on August 27, 2012, the Chapter 13 Trustee, Thomas J. King (the "Trustee"), filed a Notice of Final Cure Payment

(the "Notice") and served a copy on the Creditor.  The Debtor received a discharge on September 11, 2012.  The Creditor objected to the Trustee's Notice, alleging that because the Creditor received relief from the stay, the Court should strike the Notice or find that the Creditor is not required to respond to the Notice.  At a hearing on the Objection, the Trustee and the Creditor sought the Court's guidance on application of the new Rule under these conditions.

Before addressing the merits, the Court confirms its authority to enter a final order in this proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Under *Stern v. Marshall*, 131 S. Ct. 2594 (2011), bankruptcy courts may not "enter final judgments on common law claims that are independent of federal bankruptcy law."  *In re USA Baby, Inc.*, 674 F.3d 882, 883-84 (7th Cir. 2012).  This contested matter does not concern such a claim.  Rather, it involves interpreting and applying Bankruptcy Rule 3002.1, an administrative provision requiring creditors and trustees to provide certain notices.  The Court has authority to enter a final order in this proceeding.

Rule 3002.1 is a procedural mechanism designed to effectuate the Chapter 13 policy goal of providing debtors a "fresh start."  *In re Sheppard*, 2012 Bankr. LEXIS 1696, at *6 (Bankr. E.D. Va. April 17, 2012).  Previously, debtors could emerge from bankruptcy facing significant post-petition mortgage obligations that they did not know existed because mortgage creditors, for fear of violating the automatic stay, would not inform debtors of post-petition charges.  To combat the problem, courts adopted local rules or confirmed plans requiring mortgage lenders to disclose all post-petition charges.  *See, e.g., In re Ramsey*, 421 B.R. 431, 435-36 (Bankr. M.D. Tenn. 2009) (collecting cases).

With the enactment of Rule 3002.1, courts nationally are able to ensure that debtors who successfully complete "cure and maintain" Chapter 13 plans emerge from bankruptcy with either a fully current home mortgage or the knowledge of and ability to object to any claimed amounts

due. The Rule's structure is straightforward. The Rule is entitled "Notice Relating to Claims Secured by Security Interest in the Debtor's Principal Residence." Subsection (a) gives the application of the Rule: "This rule applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan." Subsections (b) and (c) require holders of such claims to provide notices of post-petition payment changes, fees, expenses and other charges. Subsection (d) provides that new Official Bankruptcy Forms prescribe the form and content of these notices. Either the debtor or the Chapter 13 trustee can object to any of the claimed fees, expenses, or other charges. Subsection (f) of the Rule is a "final safeguard." *Sheppard*, 2012 Bankr. LEXIS 1696, at *7. It provides:

> (f) Notice of final cure payment. Within 30 days after the debtor completes all payments under the plan, the trustee shall file and serve on the holder of the claim, the debtor, and debtor's counsel a notice stating that the debtor has paid in full the amount required to cure any default on the claim. The notice shall also inform the holder of its obligation to file and serve a response under subdivision (g). If the debtor contends that final cure payment has been made and all plan payments have been completed, and the trustee does not timely file and serve the notice required by this subdivision, the debtor may file and serve the notice.

Subsections (g) and (h) of the Rule govern the claim holder's response to the trustee's notice of final cure payment, and subsection (i) contains the Rule's remedies for a creditor's failure to comply with the Rule.

A critical component of Rule 3002.1 is providing a procedure for filing an accurate mortgage claim. *In re Kraska*, 2012 Bankr. LEXIS 1647, *5-6 (Bankr. N.D. Ohio Apr. 13, 2012) (creditor that received surrender of property and would be filing a deficiency claim required to comply with post-petition notice requirements). The *Kraska* court quoted Judge Wedoff's article on the Rule, as "'designed to insure that individual debtors and trustees obtain information necessary to deal appropriately with creditor claims.'" *Id.* at *2 (quoting Eugene R.

3

Wedoff, *Proposed New Bankruptcy Rules on Creditor Disclosure and Creditor Enforcement of the Disclosures—Open for Comment*, 83 AM. BANKR. L.J. 579, 582 (2009)). After pointing out that "Aurora Bank will be filing a claim," the court in *Kraska* required the Bank to continue to file and serve notices "for the calculation of the underlying claim." *Id. at* \*5-6.

By its terms, Rule 3002.1 applies only to creditors that have filed claims secured by a security interest in the debtor's residence. If there is no such claim, the Rule does not apply. In this case, the Creditor withdrew its claim on January 21, 2011 and thereafter was no longer a "holder of a claim" as provided for in the language of the Rule. Unlike in *Kraska,* the Creditor never intended to file a deficiency claim (an extremely rare event in a Wisconsin foreclosure). Since the Creditor no longer holds a claim secured by the Debtor's principal residence, the Rule does not apply to the Creditor. The Debtor is not prejudiced by this result, as nonbankruptcy law, including state foreclosure law and the Real Estate Settlement Procedures Act ("RESPA"), will govern the Creditor's required disclosures. Among other provisions, RESPA, codified at 12 U.S.C. §§ 2601-2617, requires lenders to notify borrowers of changes in escrow account payments due to increased premiums or fees.

Moreover, once the stay was terminated and the Creditor withdrew its claim, the Debtor no longer was proposing a "cure and maintain" plan under Bankruptcy Code § 1322(b)(5), the second prong of Rule 3002.1(a)(2). In *In re Merino*, 2012 Bankr LEXIS 3331, at \*2-3 (Bankr. M.D. Fla. July 16, 2012), Judge Delano ruled that Rule 3002.1 does not apply to claims being paid "outside the plan" because such a claim does not qualify for treatment under the cure and maintain provisions of § 1322(b)(5). Similarly, in *In re Garduno*, 2012 Bankr LEXIS 2899, at \*3 (Bankr. S.D. Fla. June 26, 2012), the Debtors' plan listed the Bank as a secured creditor, but stated that the Bank would receive $0.00. The court held that the Bank's claim was not provided

for under § 1322(b)(5), and Rule 3002.1 did not apply. *Id.* This case is the same; after the Court's Order terminating the stay, the Creditor's claim no longer was "provided for under § 1322(b)(5) of the Code in the Debtor's plan," as necessary for application of Rule 3002.1.

In *Garduno,* the court addressed the effect of the mortgage creditor's filing of a notice that was not required by Rule 3002.1:

> Because neither Fed. R. Bankr. P. 3002.1 nor Local Rule 3070-1(B) apply to the Bank's claim in this case, the Bank gained nothing by filing the Notice. Failure to file the Notice would not have resulted in the Bank waiving any right it may have with regard to the Debtors or their property. Similarly, because the above-cited rules do not apply to the Bank's claim, the filing of the Notice did not trigger a need for the Debtors to respond. If the Debtors had failed to respond to the Bank's Notice the Debtors would not have waived any right they may have with regard to the Bank's claim or lien. In short, neither the Notice nor the Objection were required under the Federal Rules of Bankruptcy Procedure or this Court's Local Rules and neither will be given any effect in this case.

*Id.* at *3-4. In this case, upon entry of the Order granting relief from stay and the withdrawal of the Creditor's claim from the case, Rule 3002.1(f) no longer applied, and the Trustee was not required to file a Notice of Final Cure Payment. As in *Garduno*, neither the Debtor nor the Creditor gained or waived any legal right by responding or not responding to the Notice. If the Trustee files an unnecessary notice, the Creditor is not required to respond. And failure of the Creditor to respond does not trigger any waiver of the Creditor's rights to claim post-petition charges in the state court foreclosure proceeding, as appropriate.

An Order will be entered consistent with this Decision.

Dated: October 18, 2012.

By the Court:

*Susan Kelley*
Susan V. Kelley
U.S. Bankruptcy Judge

5